UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER VAN ZUIDAM,

    Plaintiff,

v.                                                          Case No: 6:16-cv-575-Orl-41TBS

SCHOLASTIC BOOK FAIRS, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is a Joint Motion to Approve Settlement and Dismiss Case with Prejudice (Doc 26). Upon consideration and for the reasons that follow, I respectfully recommend that the motion, as modified herein, be **GRANTED**.

### Background

Plaintiff Walter Van Zudiam was employed by Defendant as a commercial vehicle operator/truck driver (Doc. 16). On March 10, 2016, he filed an action against Defendant in state court alleging a claim for unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA"), and claims under the Florida Civil Rights Act (FLA. STAT. §760.01, *et seq.*) ("FCRA") (Doc. 2). The complaint was removed to this Court by Defendant (Doc. 1) and an amended complaint was filed (Doc. 3), alleging claims of discrimination and retaliation under provisions of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, ("ADA") and the FCRA, as well as for recovery of unpaid overtime pursuant to the FLSA. Defendant answered and asserted twenty-eight affirmative defenses (Doc. 12).

In support of the FLSA claim, Plaintiff filed answers to Court interrogatories in

which he claimed that he was employed by Defendant from February 2006 through October 2014 (Doc. 16). He stated that he worked 40 to 50 hours a week and "[f]or the first seven (7) years of my employment they automatically deducted a half hour each day out of my paychecks even though I did not take a lunch." (Doc. 16, ¶3). Plaintiff claimed 2.5 hours of unpaid overtime per week from March 10, 2013 to March 10, 2014, at $14.90 per hour ($55.88 per week) for a total of $2,905.50 in unpaid overtime, and the same amount in liquidated damages (Doc. 16, ¶7). He also claimed $5,563.48 in attorneys' fees and costs (Id., ¶9).

Shortly thereafter, the parties reported that they had exhausted settlement efforts and a Case Management and Scheduling Order was entered (Docs. 17-19). Prior to a scheduled mediation, the parties filed a Joint Notice of Settlement in which they said: "this matter has been resolved with each side to bear its own attorneys' fees and costs pursuant to the terms of the settlement between the parties." (Doc. 24). The Court directed the parties to file their joint motion to approve the settlement (Doc. 25) and the instant motion followed.

Upon review of the motion including the parties' Settlement Agreement, I identified areas of concern and requested further briefing (Doc. 27). The parties filed their responses (Docs. 28, 29). I addressed the responses in subsequent Order (Doc. 30), and opined that I was not persuaded that Plaintiff's release of claims was fair, reasonable, or sufficiently limited in scope. Leave was given to amend the proposed settlement agreement (Id.). On May 16, 2017, the parties filed a Joint Notice of Filing Amended Settlement Agreement (Doc. 31), with an attached unexecuted Settlement Agreement and Release of Claims (Doc. 31-1). I review the motion and the amended Settlement Agreement on this supplemented record.

## Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

The parties amended Settlement Agreement provides that Plaintiff will receive a total payment of $9,500.00, with $4,750.00 designated as payment for his disputed

unpaid wages and $4,750.00 designated as payment for his disputed liquidated damages and other claims. As Plaintiff initially valued his FLSA claim at $2,905.50 for unpaid wages between March 10, 2013 and March 10, 2014, and $2,905.50 in liquidated damages (plus attorneys' fees and costs), I agree with the parties that Plaintiff will receive "full compensation without compromise" of his FLSA claim. Full compensation is, by definition, fair and reasonable.

The agreement also provides that Plaintiff's attorneys are to receive $7,000.00 in attorneys' fees and costs. Where, as here, the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Management Company, 715 F. Supp.2d 1227, 1228 (M.D. Fla. 2009). As noted, Plaintiff is receiving full compensation for his FLSA claim and his complaint included other claims. I find no reason to question the reasonableness of the attorney's fee here.

Finally, the agreement, *as amended,* does not contain overbroad releases or other provisions which would render it objectionable in this context. *Assuming the amended Settlement Agreement is executed and filed with the Court,* I find this to be a fair and reasonable compromise of a bona fide FLSA dispute. In view of the foregoing, and in light of the fundamental dispute regarding liability and the active involvement of experienced counsel, the agreement is due to be approved.

The parties are now **ORDERED** to file a fully executed copy of their amended Settlement Agreement within seven days from the rendition of this Report and Recommendation.

### Recommendation

Provided the parties comply with the foregoing Order, I respectfully recommend that:

1. The motion for approval be **GRANTED**;

2. The action be dismissed with prejudice; and

3. The Court close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 18, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record